OPINION
PER CURIAM.
Cristino Castro-Moraies appeals the district court’s order denying his petition for writ of habeas corpus. For the following reasons, we will affirm the district court’s judgment.
Castro-Morales is a Mariel Cuban and currently a detainee of the Bureau of Immigration and Customs Enforcement (BICE). In April 1986, in the Philadelphia Court of Common Pleas, Castro-Morales was found guilty of rape, involuntary deviate sexual intercourse, and burglary. The court sentenced Castro-Morales to consecutive sentences of four to eight years. While serving his sentence, Castro-Morales pleaded guilty to assault by a prisoner and received another consecutive sentence of nine months to two years. On February 2, 2000, the Immigration and Naturalization Service served Castro-Morales with a notice to appear charging him as removable for commission of a crime involving moral turpitude pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I). On October 29, 2001, the Immigration Judge (IJ) ordered that Castro-Morales be removed to Cuba, but deferred his deportation under Article III of the Convention Against Torture. The INS appealed, and on May 17, 2002, the Board of Immigration Appeals (BIA) vacated the IJ’s decision to grant Castro-Morales’s deferral of removal and ordered him removed to Cuba.
After serving his sentence, BICE took Castro-Morales into custody. The Cuban Review Panel, pursuant to 8 C.F.R. § 212.12, has recommended Castro-Morales’s continued detention due to his criminal history and his mental illness.
On November 19, 2008, BICE’s Assistant Secretary continued CastroMorales’s detention under 8 C.F.R. § 241.14(f) which allows BICE to detain specially dangerous aliens. On December 3, 2008, BICE referred the matter to an IJ for a review of the Assistant Secretary’s decision in accordance with 8 C.F.R. § 241.14(g). On January 28, 2009, the IJ found that BICE had established reasonable cause to go forward with a hearing on the merits of Castro-Morales’s detention. Meanwhile, in November 2007, Castro-Morales filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2241. On February 19, 2009, the district court, in light of the ongoing administrative review process, dismissed Castro-Morales’ habeas petition without prejudice. On February 24, 2009, the IJ determined that Castro-Morales is both a threat to society and himself and continued his confinement. Castro-Morales then filed a motion for reconsideration, noting the IJ’s adverse decision. The district court denied the motion, observing that Castro-Morales still had administrative appeal rights. Castro-Morales filed a timely notice of appeal from that order.
We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We agree with the district court that Castro-Morales must exhaust his available administrative remedies before seeking habeas relief. See Yi v. Maugans, 24 F.3d 500, 503-04 (3d Cir.1994). Under 8 C.F.R. § 241.14(i)(4), it appears that Castro-Morales may appeal the IJ’s adverse decision to the BIA. Therefore, because Castro-Morales lias not yet completed his appeal to the BIA, the district court properly dismissed his petition.